In the Matter of MURRAY BERGER and JONATHAN N. BOXER (Admitted as JONATHAN NEIL BOXER), Attorneys, Respondents. GRIEVANCE COMMITTEE FOR THE TENTH JUDICIAL DISTRICT, Petitioner.

Second Department, February 11, 1991

APPEARANCES OF COUNSEL

*Frank A. Finnerty, Jr.,* for petitioner.

*Stern, Fixler, Wiener & Levy (Joel S. Stern* of counsel), for Murray Berger, respondent.

## OPINION OF THE COURT

Per Curiam.

In these consolidated proceedings the respondent Berger was charged with one charge of professional misconduct and the respondent Boxer was charged with two charges of professional misconduct. The Special Referee found both of the respondents guilty of gross neglect as alleged in the first charge but failed to make a finding as to the additional charge of failure to cooperate brought against the respondent Boxer.

Charge one alleges that from 1979 to 1985 the respondents grossly neglected the duties and obligations imposed upon the respondent Berger as executor and trustee of an estate and upon the respondent Boxer as attorney for the estate. In January of 1979 Clara Johnson died leaving a last will and testament naming the respondent Berger, who had been the draftsman of the will, as executor and trustee. In March 1979 the respondent Berger retained the respondent Boxer to act as the attorney for the estate and turned over to the respondent Boxer the decedent's papers and records. The sole legatee of the estate, which was valued at $90,000, was an infant son who was then 11 years old. Thereafter the respondents neglected to file a petition to probate the will until June 1982. The respondents continued to neglect the matter until they were removed from their respective positions by the Surrogate's Court in August 1985.

The first charge further alleges that the respondents failed to safeguard the assets of the estate by failing to record and deposit in a separate estate account sums received in payment of rent, by neglecting to attend to the payment of taxes, by ignoring legal notices regarding the sale of tax liens which resulted in the sale of real estate owned by the decedent through a tax sale in February 1980, by neglecting to take an inventory of the decedent's furniture and personal property, by ignoring the notices of the decedent's former landlord regarding disposal of this property, by permitting decedent's car to be used by a stranger to the estate without any payment to the estate, by ignoring notices that the car had been impounded resulting in the vehicle being auctioned at a

public sale, by failing to take any action to liquidate a checking account containing approximately $1,000 resulting in the account being depleted by the monthly charges, by failing to secure and obtain thousands of dollars in royalties due to the estate, and by failing to safeguard or inventory the personal effects and memorabilia of the decedent.

The respondent Boxer was additionally charged with failure to cooperate with the petitioner Grievance Committee in its investigation of the complaint which forms the basis of charge one. By letter dated September 23, 1985, the petitioner Grievance Committee requested from the respondent Boxer an answer to the complaint within 15 days. The respondent Boxer failed to comply with this request. Accordingly, on January 13, 1986, it was necessary to serve the respondent Boxer with a subpoena, requiring him to appear at the Grievance Committee's office for a deposition on January 17, 1986.

██ The petitioner Grievance Committee moves to confirm the report of the Special Referee and the respondent Berger submits an affidavit in opposition. After reviewing all of the evidence, we are in agreement with the report of the Special Referee to the extent that it sustains the first charge of professional misconduct alleged against the respondents. We also find that the evidence supports the additional charge of failure to cooperate brought against the respondent Boxer. The petitioner's motion to confirm the report of the Special Referee is granted.

In determining an appropriate measure of discipline to be imposed, it is important to note that the respondent Boxer abandoned his law practice and his clients' files in 1989 without notice to anyone. Accordingly, the respondent Berger is suspended from the practice of law for a period of five years commencing April 1, 1991, and until the further order of the court, and the respondent Boxer is disbarred forthwith.

MANGANO, P. J., THOMPSON, BRACKEN, BROWN and KUNZEMAN, JJ., concur.

Ordered that the petitioner's motion to confirm the report of the Special Referee is granted; and it is further,

Ordered that the respondent Murray Berger is suspended from the practice of law for a period of five years, commencing April 1, 1991, and continuing until the further order of this court, with leave to the respondent to apply for reinstatement after the expiration of the said period of five years upon furnishing satisfactory proof (a) that during the said period he

refrained from practicing or attempting to practice law, (b) that he has fully complied with this opinion and order and with the terms and provisions of the written rules governing the conduct of disbarred, suspended and resigned attorneys (22 NYCRR 691.10), and (c) that he has otherwise properly conducted himself; and it is further,

Ordered that the respondent Murray Berger shall promptly comply with this court's rules governing the conduct of disbarred, suspended, and resigned attorneys (22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, during the period of suspension and until the further order of this court, the respondent Berger is commanded to desist and refrain (1) from practicing law in any form, either as principal or agent, clerk or employee of another, (2) from appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission or other public authority, (3) from giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) from holding himself out in any way as an attorney and counselor-at-law; and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, the respondent Jonathan N. Boxer, admitted under the name Jonathan Neil Boxer is disbarred and his name is stricken from the roll of attorneys and counselors-at-law, and it is further,

Ordered that the respondent Jonathan N. Boxer, admitted under the name Jonathan Neil Boxer, shall promptly comply with this court's rules governing the conduct of disbarred, suspended and resigned attorneys (22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, the respondent Jonathan N. Boxer, admitted under the name Jonathan Neil Boxer, is commanded to desist and refrain (1) from practicing law in any form, either as principal or agent, clerk or employee of another, (2) from appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission or other public authority, (3) from giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) from holding himself out in any way as an attorney and counselor-at-law.